UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
MAY 1 0 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-341-GWU

LORETTA K. ESTEP,                                   PLAINTIFF,

VS:                MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT,

INTRODUCTION

Loretta Estep originally brought Estep Stewart v. Barnhart, London Civ. A. No. 02-469 (E.D. Ky) to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits (DIB). After a period of administrative reconsideration prompted by the Court's Memorandum Opinion, Order, and Judgment of August 3, 2003 (Tr. 485-492), it is again before the Court on cross-motions for summary judgment.[1]

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

---

[1] Following the remand to the Commissioner, this action was consolidated with a subsequently filed DIB application. (Tr. 455).

1

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(I).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the

2

Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

3

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must

4

have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Estep, a 58 year-old former cashier with a high school equivalent education, suffered from impairments related to arthralgias, myalgias, a history of fibromyalgia, chronic back, neck and atypical chest pain. (Tr. 456-457). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 469). Since the claimant's past cashiering work could still be performed, she could not be considered totally disabled. (Tr. 469-470).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the

5

Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Estep could return to her past relevant work, the ALJ relied in part upon the testimony of Vocational Expert James Miller. The hypothetical question presented to Miller included an exertional limitation to medium level work along with such non-exertional restrictions as a need to avoid hazards or extreme cold and a "limited but satisfactory" ability to deal with the public, to deal with work stresses, and to understand, remember and carry out complex instructions. (Tr. 842). In response, the witness testified that the plaintiff's past cashiering work could still be performed. (Tr. 842). Therefore, assuming that the vocational factors considered by Miller fairly depicted the claimant's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. The question was fully consistent with the physical limitations indicated by Dr. Joseph Koenigsmark, an examining consultant. (Tr. 519). The question was arguably compatible with the opinion of Dr. Stephen Nutter, another examiner, who found only "mild" impairment in such activities as bending, stooping, lifting, carrying, or traveling.[2] (Tr. 285). The question included all of the physical restrictions identified by Dr. David Swan (Tr. 373-383) and Dr. Diosdado Irlandez (Tr. 400-407), the non-examining medical reviewers. Such treating sources as the staff at the Heart Doctors (Tr. 29-34, 351-356, 686-691), the staff at Family Medicine (Tr. 165-207), the staff at the London Women's Center (Tr. 213-230, 355-262), the staff at Marymount Medical

---

[2]The plaintiff mentioned no significant stooping for the job in the Disability Report and indicated that the lifting was consistent with medium level work. (Tr. 117).

6

Center (Tr. 231-237, 263-279, 642-649, 661-685, 720-731), and Dr. Ronald Saykaly (Tr. 238-246) did not identify the existence of more severe physical restrictions than those found by the ALJ. These reports provide substantial evidence to support the administrative decision.

This action was previously remanded to the Commissioner for further consideration because the ALJ failed to address the disability opinion issued by Dr. Daniel Chung, a treating physician, in the text of his denial decision. (Tr. 491). Upon remand, this oversight has been corrected. The ALJ noted a number of reasons why Dr. Chung's opinion was to be rejected as binding, including his notation of stable fibromyalgia, the lack of objective physical findings in the physician's treatment notes, a negative gallbladder ultrasound and normal x-rays of the hands, forearms, hands, left shoulder and left elbow. (Tr. 462, 467). Dr. Chung reported the claimant's general condition to be within normal limits on numerous occasions during the course of his treatment. (Tr. 299, 301, 311, 313, 317, 319, 321, 323,325, 327, 329, 331, 333, 335, 337). Therefore, under these circumstances, Dr. Chung's opinion was not binding on the ALJ.

Dr. Ashu Joshi, another treating source, reported the existence of a number of very severe physical restrictions which would restrict Estep from performing more than a limited range of sedentary level work a part-time basis. (Tr. 411, 737). The ALJ rejected Dr. Joshi's opinion as binding because of the physician's largely normal findings upon physical examination and the lack of treatment after October of 2002. (Tr. 462). This action would appear appropriate. The only abnormal finding upon physical examination cited in the doctor's treatment notes was epigastric tenderness to palpation in October of 2002. (Tr. 733). Therefore, Dr. Joshi's opinion was properly rejected by the ALJ.

7

Dr. Kenneth Phillips (Tr. 741-749) and Dr. Parandhamulu Saranga (Tr. 750-760), each a non-examining medical reviewers, each restricted Estep to a limited range of light level work, a greater level of limitation than that found by the ALJ. These opinions are outweighed and offset by the aforementioned medical evidence previously cited in support of the administrative decision.

Tom Bowden, a physical therapist (Tr. 26-27, 414, 696, 819), identified far more severe physical restrictions than found by the ALJ. Under the federal regulations, a physical therapist is not an "acceptable medical source" whose opinion is binding on the administration. 20 C.F.R. Section 404.1513. Therefore, Bowden's opinion was not binding on the ALJ.

The ALJ also dealt properly with the evidence of record relating to Estep's mental condition. The hypothetical question directly included all of the mental restrictions identified by Kenneth Starkey, an examining consultant. (Tr. 529-530). The question was also consistent with the mental limitations identified by Dr. Kevin Eggerman, another examiner. (Tr. 290-291, 719). More severe long-term mental restrictions were not reported by the staff at Corbin Psychiatric and Counseling. (Tr. 247-254, 292-297, 650-660). The only specific restriction noted was a need to be off work from February 22, 2001 through March 25, 2001 (Tr. 653), which would not meet the one-year durational requirement under 20 C.F.R. Section 404.1505(a). Non-examining medical reviewers Ann Demaree (Tr. 358) and Jane Brake (Tr. 384) did not believe that the plaintiff suffered from a "severe" mental impairment and, so, these opinions buttress the administrative decision as well. Psychologists Edward Stodola (Tr. 761-762) and Jay Athy (Tr. 766-767), also non-examining reviewers did indicate the existence of arguably more severe mental limitations than those found by the ALJ. However, their

8

opinions were outweighed and offset by the aforementioned reports. Therefore, substantial evidence supports this portion of the ALJ's decision.

Estep argues that the ALJ erred by failing to consider the combined effect of her impairments. However, the undersigned has already found that the hypothetical question fairly depicted both the mental and physical problems afflicting the plaintiff. Therefore, the ALJ implicitly considered the combination of all her impairments.

Estep asserts that the ALJ did not properly evaluate her subjective pain complaints. Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Estep was found to be suffering from a potentially painful condition. However, even if she could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. First, the medical evidence does not appear sufficient to confirm the severity of the alleged pain. Second, objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Estep's pain complaints.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be

9

entered simultaneously consistent with this opinion.

This the __/0__ day May, 2006.

*[signature]*
G. WIX UNTHANK
SENIOR JUDGE